FRUGÉ, Judge.
This is an appeal from a judgment dismissing plaintiff’s suit on exceptions of no cause of action and unauthorized use of summary proceedings. The suit is one seeking issuance of a writ of mandamus to compel defendant-appellee, Tarpon Oil Company, to pay to plaintiff, J. R. Todd, a sum -representing plaintiff’s share of the revenues from two oil and gas wells.
Defendant is the operator of two wells in Cameron Parish, Louisiana, the Boudoin #1 and Vincent #1 wells, both producing oil and gas in paying quantities. Originally, plaintiff owned virtually all of the mineral leases in the area of the wells, but he sold to defendant his interest, in return for a 5/96th royalty of all minerals, and also a 14.0625 percent working interest in the wells. Since the commencement of production, defendant has withheld all payments due plaintiff for his interest in the production, the amount as of date suit was filed being agreed at $24,148.26.
In the court below, defendants filed exceptions of no cause or right of action and unauthorized use of summary procedure, alleging that the statutory basis on which plaintiff sought issuance of the writ, LSA-R.S. 30:105-107, was not applicable to the situation in this case. In addition, defendants filed an answer and reconventional demand alleging that under the contract establishing plaintiff’s working interest the defendants had a right to withhold any payments should plaintiff be delinquent in the payment of his share of the drilling, completion and maintenance cost of the wells. Defendants alleged that plaintiff owed them the amount of $25,713.20 for his share of the costs, and that as said expenses charged to plaintiff had not been paid, that under the contract, they had a right to withhold payment.
After a hearing, the trial court sustained the exceptions, basing its ruling on the fact that there was a dispute between the parties as to the sums respectively due each other, and that, therefore, the suit was “not one for a sum certain of money”. From this judgment dismissing his suit, plaintiff takes this appeal.
The statutory basis of plaintiff’.s suit seeking mandamus, is alleged to be the provisions of Title 30, Sections 105 to 107, the pertinent parts of which read as follows:
Section 105
“It shall be unlawful for a person acquiring mineral rights from, or mineral rights under a lease by, the last record owner and holding under an instrument *527 sufficient in terms to transfer title or for a person purchasing mineral products to withhold payment of any rentals, royalties, or other sums due to a party, holding an interest in the minerals, or under the lease.” (Emphasis supplied.)
* * * * * *
Section 107
“A writ of mandamus to compel payment of whatever may be due to a party in interest under the circumstances set out in R.S. 30:105-30:106, or under any division order, may be issued by a court of competent jurisdiction against a person liable for the payment claimed. These proceedings shall be tried by preference.”
On the outset, we note that this case comes to us as an appeal from a judgment sustaining exceptions. There has been no judicial determination, on the merits, of plaintiff’s right to a mandamus. For that reason, we shall narrow our discussion to the exact issues presented by such an appeal.
The essence of defendant’s strongest objections to plaintiff’s suit for mandamus are'that it is unauthorized under the statute, and that it shows no cause of action, due to the fact that plaintiff is allegedly indebted to defendants for amounts over and above the amounts sought to be paid to plaintiff. Defendants reason that since the amount is in dispute, there is lacking a “certain sum”, an element necessary, according to the jurisprudence, for the issuance of the mandamus. As authority for this principle, the defendants cite the cases of State ex rel. Superior Oil Company v. Texas Gas Transmission Corporation, 242 La. 315, 136 So.2d 55 (1961); State ex rel. Brown v. United Gas Public Service Company, 197 La. 616, 2 So.2d 41 (1941); and State ex rel. Boykin v. Hope Producing Company, 167 So. 506 (La.App.2d Cir., 1936).
In sustaining the exception of unauthorized use of summary procedure, we feel that the trial court erred. In plaintiff’s petition he alleged that sums were due him by a party substantially in the position of that noted by the statute, that is, “a person acquiring mineral rights * * * under a lease * * * ”, and therefore, the authority for the use of this summary procedure can without question be found in the statute itself. Since the legislature has provided for mandamus in a case of this nature, we can hardly see a basis for the denial of its use.
The defendants contend that the lack of a “sum certain”, due to the fact that there is a dispute as to what is owed, causes the “unauthorization” of use. With this contention we simply do not agree. The authorization is clear, whether there is a “sum certain” or not is a question on the merits of issuance of the writ itself.
As to the exception of no cause of action, the defendants raise the same contentions as noted above, namely that plaintiff is indebted to them for certain sums over and above the amounts plaintiff alleges that Tarpon owes him, and therefore, this constitutes a situation of setoff, and thus plaintiff has no cause of action.
Although we feel that the simple answer to this contention would be that plaintiff’s petition does not fail for lack of a cause under the test to be applied in judging such, we note that there is jurisprudence which has considered the question of “a sum certain” in determining whether or not a no cause of action exception was properly sustained. State ex rel. Brown v. United Gas Public Service Company, 197 La. 616, 2 So.2d 41 (1941). However, a reading of this case, and others citing it, distinguishes its holding from the situation confronting us here. In our case plaintiff has alleged a sum due him, $24,-148.26, which figure is gotten from the defendants’ own records admitted into evidence. This is undoubtedly a “sum certain” and the exception should have been overruled.
In defendants’ contention, that the sums Todd owes it causes the amount it owes *528 Todd to become “uncertain”, we can see little merit. If plaintiff is truly indebted to defendants for his share of the cost, this is a matter of affirmative defense and reconventional demand, but it does not constitute a basis for denying plaintiff a right to seek a writ because of a lack of a cause of action. Under the usual test to be applied in judging whether an exception of no cause of action should be sustained, as noted in the case of Acadia-Vermilion Rice Irrigating Company v. Broussard, 175 So.2d 856 (La.App.3d Cir., 1965), we cannot say in all fairness “that under no evidence admissible under the pleading does the plaintiff have a cause of action * * ”, in that assuming plaintiff can prove all of the elements necessary, a writ must issue. At this point we feel that plaintiff’s petition does state a cause of action.
In summary, we note that we are only determining the propriety of the judgment on the exceptions, but as the case is presented to us, there has been no judgment on the merits of issuing the writ. The petition seeks issuance of a writ to compel payment of two different sums, one for royalties and one for the working interest. Assuming for the point of argument that defendants could deny the issuance of the writ for the amounts owed due to the working interest, it would seem to us that plaintiff would have to receive his share of the royalties since defendants would have no right under contract to withhold such. These however, are questions to be decided by the trial court on the hearing on the merits of the issuance of the writ, and as noted previously we have decided here only the issues as to the exceptions.
For the foregoing reasons, the judgment of the trial court sustaining the exceptions of no right or cause of action and unauthorized use of summary procedure, is hereby reversed. The case is remanded to the trial court for proceedings consistent with the judgment herein. Costs of this appeal to be paid by defendants-appellees.
Reversed and remanded.